J-A24017-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 1009 EDA 2023 |
| ESTATE OF GIRARD JUNE KEEHN, DECEASED, C/O APRIL KEEHN, ERIN BETH VOSE, ROYCE KEEHN OR DANA HELENSKI, KNOWN HEIRS: APRIL KEEHN, ERIN BETH VOSE, ROYCE KEEHN OR DANA HELENSKI, | : : : : : : : | |

Appeal from the Order Entered March 29, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2021-00346

BEFORE: STABILE, J., DUBOW, J., and SULLIVAN, J.

JUDGEMENT ORDER BY DUBOW, J.:                    **FILED APRIL 8, 2024**

Appellant, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, appeals from the orders of the Montgomery County Court of Common Pleas, entered on March 29, 2023, sustaining the preliminary objections filed separately by Appellees April Keehn and Erin Beth Vose and Appellees Royce Keehn and Dana Helenski. The trial court dismissed Appellant's amended complaint in this mortgage foreclosure action for failure to join an indispensable party, specifically, the personal representative of the estate of the decedent mortgagor, Girard June Keehn ("Decedent"). Based

upon the intervening appointment of an administrator of Decedent's estate, we vacate the trial court's orders and remand for further proceedings.

The relevant facts and abbreviated procedural history are as follows. On May 23, 2003, Decedent executed a note secured by a mortgage against the property at 529 B St. in King of Prussia. Appellant asserts that the note and mortgage have been in default since May 2013. Decedent died on April 7, 2019.

On August 19, 2022, Appellant filed an amended mortgage foreclosure complaint, naming as defendants each of the Appellees "individually and as heir of the estate of [Decedent] and as a possible administratrix of said estate" and "unknown heirs, devisees and personal representatives of [Decedent] and his, her, their or any of their successors in right, title and interest[.]"[1] The amended complaint did not name a specific personal representative for the Estate as one had yet to be appointed.[2]

On August 29, 2022, Appellees April Keehn and Erin Beth Vose filed preliminary objections asserting, *inter alia*, that Appellant failed to name a necessary party: the personal representative of the Estate. On September 8, 2022, Appellees Royce Keehn and Dana Helenski also filed preliminary objections that, *inter alia*, raised the same issue.

---

[1] Amended Complaint in Mortgage Foreclosure, 8/19/22 (some capitalization removed).

[2] It appears that the lack of a personal representative of the estate resulted from a will contest between the two pairs of Appellees.

On March 29, 2023, the trial court sustained Appellees' preliminary objections based upon Appellant's failure to join the personal representative of the estate.  Tr. Ct. Op., 5/29/23, at 1.  The court declined to provide Appellant the opportunity to amend the complaint because it saw "no value in ordering joinder when the indispensable party does not exist."  Order, 3/29/23, at 1 n.1.  Nevertheless, in its opinion, the trial court stated that it had "no issue" with this Court reversing its decision and allowing Appellant "an opportunity to amend the complaint once a personal representative is appointed."  Tr. Ct. Op., 5/9/23, at 2 n.1.

On April 14, 2023, Appellant filed a notice of appeal.  Appellant and the trial court complied with Pa.R.A.P. 1925.

At argument, counsel for Appellant and Appellees Royce Keehn and Dana Helenski informed this Court that the Montgomery County Register of Wills had appointed Debra G. Speyer as administrator of the Estate of Decedent, but that Appellees April Keehn and Erin Beth Vose appealed that decision to the Montgomery County Orphans' Court.  On November 6, 2023, this Court stayed the instant matter, to allow the Orphans' Court to address the appeal challenging the appointment of Ms. Speyer.

On February 9, 2024, Appellant provided this Court with the Orphans' Court order, dated November 30, 2023.[3]  Based upon a settlement reached by Appellees, the Orphans' Court, in relevant part, ordered the appeal of Ms.

---

[3] Neither pair of Appellees has responded to Appellant's submission.

Speyer's appointment withdrawn and appointed Ms. Speyer "as the Administrator d.b.n. of the Estate of [Decedent] upon her qualification before the Register of Wills." *In re: Estate of Keehn*, No. 2019-X1575 (Montgomery County Orphans' Court, filed 11/30/23). Appellant additionally submitted the Certificate of Grant of Letters granted by the Montgomery County Register of Wills to Ms. Speyer dated February 1, 2024.

Based upon the appointment of an administrator of the Estate of Decedent, we conclude that the defect upon which the trial court dismissed Appellant's amended complaint no longer exists. Accordingly, we lift the stay of this appeal, vacate the trial court's orders sustaining Appellees' preliminary objections and dismissing Appellant's amended complaint, and remand to the trial court for further proceedings. On remand, the trial court is directed to amend the caption to include Ms. Speyer as personal representative for the Estate of Decedent.

Stay lifted. Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/8/2024

- 4 -